# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Theodore C. Lockhart, Sr.,                             File No. 26-CV-1344 (JMB/JFD)

      Plaintiff,

v.                                                    **ORDER**

Patrick J. Kelly, *in his official and personal capacities*; Leo B. Laub, *in his official and personal capacities*; Helen T. Paradise, *in her official and personal capacities*,

      Defendants.

Theodore C. Lockhart, Sr., Minneapolis, MN, self-represented.

Lucas B. Draisey, DOJ-USAO, Minneapolis, MN, for Defendants Patrick J. Kelly, Leo B. Laub, and Helen T. Paradise.

This matter is before the Court on Plaintiff Theodore C. Lockhart, Sr.'s Motion to Remand (Doc. No. 10) and Defendants Patrick J. Kelly's, Leo B. Laub's, and Helen T. Paradise's (together, Defendants) Motion to Dismiss (Doc. No. 18). For the reasons explained below, the Court denies Lockhart's motion and grants Defendants' motion.

## BACKGROUND

Lockhart is an Army veteran who has been a patient at the Minneapolis Veterans Affairs Health Care System (VAHCS) since approximately 2013. (Doc. No. 9 [hereinafter, "Am. Compl."] ¶¶ 1, 12.) Lockhart alleges that Defendants engaged in a "systematic abandonment of healthcare services owed to a totally and permanently disabled combat veteran." (*Id.* ¶ 1.) He alleges that Defendants "have allowed eighteen lines of medical

1

care to lapse, forty-eight prescribed medications to expire without renewal, and have repeatedly reassigned [Lockhart] to new primary care providers without continuity of treatment." (*Id.*) Lockhart alleges that disruptions to his medical care have resulted in his being "forced to seek emergency care for conditions that would have been managed through routine treatment" and that he has incurred over $50,000 in out-of-pocket healthcare costs "[a]s a result of [Defendant]s' abandonment of his healthcare." (*Id.* ¶¶ 17–18.) Lockhart further alleges that he filed formal grievances with the VAHCS, after which "the pattern of care cancellations, medication lapses, and provider reassignments intensified." (*Id.* ¶ 22.)

Lockhart initiated this action in Minnesota state court in January 2026. (*See* Doc. No. 1-2.) Defendants then removed the case to federal court, pursuant to 28 U.S.C. § 1442(a)(1), in February 2026. (Doc. No. 1.) In his Amended Complaint, Lockhart asserts four claims for relief under Minnesota state law: (1) patient abandonment (*id.* ¶¶ 35–41), (2) disability discrimination in violation of the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.12 (*id.* ¶¶ 42–47), (3) retaliation in violation of the MHRA, *id.* § 363A.15 (*id.* ¶¶ 48–54), and (4) violation of the Minnesota Patients' Bill of Rights, Minn. Stat. § 144.651 (*id.* ¶¶ 55–58). He seeks solely injunctive relief. (*Id.* at 14–16.) Defendants have also filed a Certification of Scope of Employment pursuant to 38 U.S.C. §§ 7316(c) and 2679(d)(1), certifying that they were acting within the scope of their employment in or for the U.S. Department of Veterans Affairs when Lockhart's claims and allegations against them arose. (*See* Doc. No. 17.)

2

**DISCUSSION**

Lockhart has moved to remand, and Defendants have moved to dismiss. For the reasons discussed below, the Court denies Lockhart's Motion to Remand and grants Defendants' Motion to Dismiss.

## I.    MOTION TO REMAND

The United States may remove to federal district court any state court action in which the United States, a federal agency, or a federal officer is named as a defendant. 28 U.S.C. § 1442(a)(1); *Doe v. BJC Health Sys.*, 89 F.4th 1037, 1041 (8th Cir. 2023). Section 1442(a)'s "principal purpose is to afford the designated classes of defendants the protection of a federal forum when they incur or potentially incur liability under state law for performing their duty to enforce federal law." *Id.* (quotation omitted). The statute "is an exception to the well-pleaded complaint rule," and it "should be liberally construed, and thus the typical presumption against removal does not apply." *Id.* (quotations omitted). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Lockhart has named as Defendants three employees of the Minneapolis Veterans Affairs Health System, all in their "official and personal capacities." (Am. Compl. at 1; *id.* ¶¶ 4–6.) Because these employees are being sued in their official capacities, this is a suit against "the entity"; that is, the Veterans Affairs Health System, which is an agency of the United States. *See Kentucky*, 473 U.S. at 166. Accordingly, Defendants' removal of this case from state to federal court was proper under 28 U.S.C. § 1442(a)(1).

However, Lockhart argues that remand is necessary because Defendants failed to raise a colorable federal defense. After removal, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "In addition to the notice of removal and its exhibits, to determine whether there is jurisdiction, the court may consider documents submitted after the notice of removal as well as those attached to subsequent motions." *Guggenberger v. Starkey Lab'ys, Inc.*, Nos. 16-CV-2021, 16-CV-2022 (JRT/LIB), 2016 WL 7479542, at *5 (D. Minn. Dec. 29, 2016) (citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)). "Even if there is a 'civil action . . . against or directed to' the United States, the United States must also assert a colorable federal defense for the Court to exercise jurisdiction under § 1442(a)(1)." *Id.* at *11 (quoting *U.S. v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001)). Here, Defendants raise the colorable federal defense of sovereign immunity in their Motion to Dismiss. (*See* Doc. No. 19.) The Court therefore concludes that it may consider this argument raised in Defendants' Motion to Dismiss to determine whether it has jurisdiction. *See Guggenberger*, 2016 WL 7479542, at *5.

Lockhart's motion to remand is therefore denied.

## II.    MOTION TO DISMISS

Defendants have moved to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim. (Doc. No. 18.)

This Court "must" dismiss claims over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Defendants argue that sovereign immunity bars Lockhart's claims. Because the motion presents a facial attack based on sovereign immunity, "the

4

court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quotation omitted). Lockhart, as the plaintiff, bears the burden of proving that the Court has subject-matter jurisdiction over his claims. *Two Eagle v. U.S.*, 57 F.4th 616, 620 (8th Cir. 2023).

Absent a waiver, sovereign immunity bars claims against the United States, *Two Eagle*, 57 F.4th at 621, and applies to claims against federal employees when the United States is the "real party in interest," *Lewis v. Clarke*, 581 U.S. 155, 161–62 (2017). The United States is the "real party in interest" if the "judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (internal quotation omitted); *see Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 688 (1949) ("For the sovereign can act only through agents and, when the agents' actions are restrained, the sovereign itself may, through him, be restrained.").

Here, Lockhart seeks only injunctive relief, which, if awarded, would restrict Defendants' activities at work. (*See* Am. Compl. at 14–16.) Because Lockhart's requested relief would impair the duties of a federal employee, Lockhart's lawsuit is "in substance and effect . . . one against the United States without its consent." *Malone v. Bowdoin*, 369 U.S. 643, 648 (1962). Lockhart alleges that his injuries arose from his interactions with Defendants at the VAHCS, and Defendants have certified that they were acting within the scope of their employment at the VAHCS when the allegations at issue arose. (*See* Doc.

No. 17.) Lockhart's requested relief is therefore barred by the federal government's sovereign immunity.[1]

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Theodore C. Lockhart, Sr.'s Motion to Remand (Doc. No. 10) is DENIED.

2. Defendants Patrick J. Kelly's, Leo B. Laub's, and Helen T. Paradise's Motion to Dismiss (Doc. No. 18) is GRANTED.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 7, 2026                        */s/ Jeffrey M. Bryan*
                                             Judge Jeffrey M. Bryan
                                             United States District Court

---

[1] Because the Court concludes that Defendants are immune from suit, it need not address whether Lockhart has stated a claim upon which relief can be granted.